Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Kristabel Sandoval (SBN 323714)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

*Attorneys for Plaintiff and Class members*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SIEFERT, Individually and on Behalf of Class Members,<br><br>Plaintiffs,<br><br>vs.<br><br>SPECIALTY RESTAURANTS CORP.,<br><br>Defendants. | Case No. _____<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br>(1) Failure to Pay Overtime (New York Labor Law § 190 *et seq*);<br>(2) Spread-of-Hours Violation (New York Labor Regulation § 142-2.4) ;<br>(3) Improper Retainer of Service Fees from Service Workers (New York Labor Law § 196-d) ;<br>(4) Unjust Enrichment;<br>(5) Failure to Provide Accurate Itemized Wage Statements (New York Labor Law § 195);<br>(6) Violation of the Notice and Recordkeeping Requirement (New York Labor Law § 195)<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Jeffrey Siefert, individually and on behalf of all others similarly situated, brings this class and collective action against Defendant Specialty Restaurants Corp. on behalf of all its current and former non-exempt hourly service workers, including individuals who have worked for Defendant in New York as servers, waiters, bartenders, bussers, and other non-managerial service workers paid on an hourly basis, and subject to Defendant's service fee policies and practices. This case implicates Defendant's longstanding policies and practices of failing to properly compensate all non-exempt service workers for service charge payments remitted to them as wages, and for work performed during unpaid meal periods. As a result, throughout the relevant time period, Plaintiff and similarly situated workers were denied payment for all hours worked, including gratuity payments, regular wages owed, and overtime wages.

2. Defendant imposes mandatory "service charge" surcharges on the sale of food and beverages to their customers, but fail to distribute the total proceeds of those service fee surcharges to non-managerial service employees as required by New York law. This conduct violates New York Labor Law § 196-d.

3. Defendant also maintains a longstanding policy and practice of failing to properly compensate non-exempt employees for work performed during unpaid meal periods. These policies deny Plaintiff and Class members payment for all hours worked, including overtime wages owed under the New York Labor Law. These policies also violate New York law mandating meal breaks during shifts lasting more than six hours.

4. Plaintiff and Class members bring the following causes of action to challenge Defendant's policies and practices of: (1) failing to pay overtime compensation to Plaintiff and Class members as required by New York Labor Law; (2) failure to compensate Plaintiff and Class members the additional wages required by the New York spread-of-wages law; (3) failing to provide an uninterrupted meal period as required by New York Labor Law; (4) failing to remit all service fee surcharges to

Plaintiff and Class members; (5) failing to compensate Plaintiff and Class members for all hours worked; (6) unjust enrichment for failure to remit the entirety of the service fee surcharges to non-managerial service workers; (7) failing to provide Plaintiff and Class members accurate, itemized wage statements as required by N.Y. Lab. Law § 195(3); and (8) failing to provide accurate and proper written notice as required by N.Y. Lab. Law § 195(1).

5.  Plaintiff files this action to recover all unpaid wages, compensation, penalties, liquidated damages, treble damages, and other damages on behalf of himself and Class members under New York state law as a class action under Federal Rule of Civil Procedure 23. Plaintiff seeks to remedy the sweeping practices Defendant integrated into their gratuity systems, time tracking policies, and payroll policies, that have deprived Plaintiff and Class members of their lawfully earned wages.

**SUBJECT MATTER JURISDICTION AND VENUE**

6.  This court has federal question jurisdiction over the subject matter of Plaintiff's state law causes of action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). Under CAFA, this court has original jurisdiction over Plaintiff's Rule 23 class action claims because the matter in controversy is believed to exceed $5,000,000, and because Plaintiff and at least one of the Defendants are citizens of difference states. Moreover, the number of proposed class members in New York is believed to exceed 100.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant's principal place of business is located in this district.

**PARTIES**

8.  Plaintiff Jeffrey Siefert is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of New York, County of Erie. Plaintiff was employed as bartender and server by Defendant at the Templeton Landing location in Buffalo, New York from approximately June 2014 to July 2015.

9. The Class members are all people who are or who have been employed by Defendant as hourly non-exempt service workers, including but not limited to, food and beverage servers, bartenders, banquet workers, bussers, and other similar hourly and non-exempt service workers throughout the State of New York within the six years preceding the filing of this Complaint.

10. Plaintiff is informed, believes, and thereon alleges that Defendant Specialty Restaurants Corp. is a California corporation with its principal place of business located in Anaheim, California. Defendant may be served with process by serving its registered agent, Paracorp Incorporated, 2804 Gateway Oaks Drive #100, Sacramento, California 95833.

11. Plaintiff is informed, believes, and thereon alleges that Defendant maintains a chain of restaurants and event spaces throughout the United States, including in California, Florida, and New York. Plaintiff is informed, believes, and thereon alleges that Defendant employs Class members, among other hourly employees, throughout the United States, including in New York.

12. At all material times, Defendant has done business under the laws of New York, has continuously maintained physical places of business in New York, including in this district, and has employed Class members in this district and elsewhere throughout New York. Defendant is an "employer" within the meaning of N.Y. Lab. Law § 651(6).

**FACTUAL ALLEGATIONS**

13. Defendant operates various restaurant locations and event-hosting spaces throughout the United States, including but not limited to Templeton Landing, which is located in Buffalo, New York. Defendant employ dozens of hourly non-exempt workers similarly situated to Plaintiff across these facilities.

14. Plaintiff worked at the Templeton Landing as a bartender and a banquet worker from approximately June 2014 to July 2015. Plaintiff was paid at an hourly

rate of $12. Plaintiff worked between 8 to 12 hours per day, 2 to 3 times per week. On average, Plaintiff worked 20 hours per week. Occasionally, Plaintiff picked up extra shifts and would work more than 40 hours in a workweek. On average, Plaintiff worked more than 40 hours in a workweek once every other month.

15. As a matter of course, Defendant routinely adds a mandatory surcharge of 30% to its food and beverage bills as a service fee. These service fees are in the form of automatic charges which customers are required to pay, and which reasonably appear to be gratuities for the service workers.

16. It is customary in the hospitality industry that establishments impose gratuity charges on food and beverage bills. Thus, when customers pay these mandatory service fees, it is reasonable for the customers to believe those service fee surcharges are gratuities to be paid in their entirety to the service staff. Indeed, because of the way these service fees are depicted to customers, and the custom in the food and beverage industry, customers pay these mandatory surcharges reasonably believing they are to be remitted in total to the service staff as gratuities.

17. From 2014 to 2015, Defendant paid Plaintiff and Class members a portion of the service fees charged to customers as supplementary payments in addition to their regular hourly wages. However, Defendant did not remit the total proceeds of these service fees to the non-managerial employees who serve the food and beverages. Instead, Defendant's policy and practice was to retain a portion of those service fees, use a portion of the service fees to pay non-service workers, or otherwise retain those portions for itself. After 2015, Defendant retained the entire service fee for itself, and Plaintiff and Class members were not provided any portion of the service fee. As a result, Plaintiff and Class members do not receive the total proceeds of the service fees as gratuities, to which they are entitled under New York law.

18. As a matter of policy and practice, Class members also perform work during unpaid meal periods with Defendant's knowledge, and are denied

Case 8:20-cv-00790-PA-DFM   Document 1   Filed 04/23/20   Page 6 of 19   Page ID #:6

compensation for the time spent engaged in this work. Defendant installed a policy and practice of automatically deducting 30 minutes from Class members' recorded time to account for a meal period, even though Plaintiff and Class members rarely get a full meal break. Even when Class members attempt to take a meal break, they are routinely interrupted and can be called out of their meal break at any time. Defendant knew that Plaintiff and Class members were not getting their meal breaks on a regular basis, but did not compensate Plaintiff and Class members for meal breaks that were worked through, missed, or interrupted.

19. Moreover, during workweeks when Plaintiff and Class members worked more than 40 hours, they were not compensated at a rate of one-and-one-half times their regular hourly rate for time worked beyond 40 hours in the week. Similarly, when Plaintiff and Class members worked more than 10 hours in a single day, they were not provided additional compensation as required by the New York Spread-of-Hours law.

20. As a result of these policies, Defendant denies Plaintiff and Class members surcharge service fees to which they are lawfully owed, as well as meal periods, overtime, and spread-of-hours pay.

21. Plaintiff is informed, believes, and thereon alleges that this same timekeeping system is used across all of Defendant's facilities in New York.

22. Defendant's common course of wage-and-hour abuses result in routinely failing to maintain true and accurate wage notices and records of the hours worked by Class members. In particular, Defendant fails to accurately record hours that Plaintiff and Class members worked during meal periods.

23. Defendant's failure to record all service fee surcharge payments and all hours worked also results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by New York law. The wage statements Defendant provides are not accurate because they do not reflect the wages earned as service fee surcharges, nor the actual hours worked by Plaintiff and Class members.

24. Upon information and belief, Defendant does not provide Plaintiff and Class members with a written notice, in English and Spanish, containing accurate representations of, among other things, their rates of pay and basis thereof, including the terms of the service fee surcharges to be paid to the service workers and the allowances and deductions to be deducted from their wages.

25. Class members were and are employed by Defendant and perform work materially similar to Plaintiff.

26. Class members report to a facility owned, operated, or managed by Defendant to perform their jobs.

27. Class members perform their jobs under Defendant's supervision and using materials and technology approved and supplied by Defendant.

28. Class members are required to follow and abide by common work, time, pay, meal break, and overtime policies and procedures in the performance of their jobs.

29. At the end of each pay period, Class members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

30. Defendant pays Class members on an hourly rate basis.

31. Upon information and belief Class members worked more than 10 hours a day, and more than forty hours in at least one workweek during the six years before this Complaint was filed.

32. Defendant has employed hundreds of people similarly situated to Plaintiff during the six-year period prior to the filing of this Complaint.

33. Defendant's method of paying Plaintiff and Class members is willful, and is not based on a good faith and reasonable belief that their conduct complies with New York law.

34. Defendant's common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class members.

In particular, Defendant has failed to record hours that Plaintiff and Class members worked during unpaid meal periods.

35.  Defendant's conduct was willful, carried out in bad faith, and caused significant damages to non-exempt hourly employees in an amount to be determined at trial.

## RULE 23 CLASS ACTION ALLEGATIONS

36.  Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The New York Class that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to servers, food servers, beverage servers, bartenders, banquet servers, or other non-exempt employees with similar job duties employed at any location operated by Defendant in New York any time starting six years prior to the filing of this Complaint until resolution of this action.**

37.  This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

38.  <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of New York Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the New York Class as a plaintiff in this action is impracticable. Furthermore, the identities of the New York Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the New York Class and Defendants.

39. <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the New York Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

   a. Whether Plaintiff and Class members worked hours in excess of forty per workweek;
   b. Whether Defendant fails to compensate Class members for all hours worked, including hours worked as overtime compensation, in violation of New York Labor Laws;
   c. Whether Defendant fails to include supplementary payments such as service fee surcharges in the regular rates of pay for Plaintiff and Class members;
   d. Whether Defendant paid Plaintiff and Class members additional wages when they worked in excess of ten hours per shift in accordance with N.Y. Lab. Reg. § 142-2.4;
   e. Whether Defendant has a policy and/or practice of charging a service fee to customers and failing to remit the entirety of that service fee to Class members;
   f. Whether Defendant fails to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the New York Labor Laws;
   g. Whether Defendant fails to provide Class members with timely, accurate itemized wage statements in violation of the N.Y. Lab. Law § 193(3);
   h. Whether Defendant fails to provide written notice, in English and Spanish, in compliance with N.Y. Lab. Law § 195(1);
   i. Whether Defendant's conduct in failing to remit all of the service fee

surcharges to Plaintiff and Class members constitutes unjust enrichment; and

j. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

40. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the New York Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

41. <u>Adequacy of Representation</u>: Plaintiff seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

42. <u>Superiority of Class Action</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

43. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

44. If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendant would be able to exploit and overwhelm the limited resources of each member of the Class with Defendant's vastly superior financial legal resources.

45. Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendant because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being

**FIRST CAUSE OF ACTION**
**Violation of N.Y. Lab. Law § 190 *et seq.***
**Failure to Pay Overtime Compensation**
**(On Behalf of the Class)**

46. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

47. Defendant willfully engaged in and continues to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in its control.

48. This cause of action arises from Defendant's violation of N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (and any supporting regulations), for their failure to pay Plaintiff and Class members all of their overtime pay for the time worked in excess of 40 hours in individual workweeks. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and Class members were entitled to receive one-and-one-half times their regular rates of pay.

49. Defendants violated N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* by failing to compensate Plaintiff and Class members for work performed in excess of 40 hours in a workweek, including time worked during unpaid meal periods, consistent with the overtime provisions.

50. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class members suffer loss of income and other damages. Plaintiff and Class members are entitled to back wages owed, liquidated damages and attorneys' fees and costs incurred in connection with this claim.

51. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Violation of N.Y. Labor Regulation § 142-2.4**
**Spread-of-Hours Violation**
**(On Behalf of the Class)**

52. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

53. This cause of action arises from Defendants violation of the N.Y. Lab. Law; specifically, Defendant's violation of New York State Department of Labor Regulation § 142-2.4, which stipulates that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee worked for ten or more hours.

54. Defendant violates the N.Y. Lab. Law by failing to comply with their obligation to pay Plaintiff and Class members the additional wages required by N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 on those days when Plaintiff and the Class members in fact work for ten or more hours.

55. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and Class members suffer loss of income and other damages. Plaintiff and Class members are entitled to back wages owed, penalty wages, liquidated damages and attorneys' fees and costs incurred in connection with this claim.

56. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

///

### THIRD CAUSE OF ACTION
### Violation of N.Y. Lab. Law § 196-d
### Improper Retainer of Service Fees from Service Workers
### (On Behalf of the Class)

57. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

58. In relevant part, New York Labor Law §196-d provides:

> No employer . . . or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee. . . . Nothing in this subdivision shall be construed as affecting . . . practices in connection with banquets and other specific functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees, nor to the sharing of tips by a waiter with a busboy or similar employee.

59. The statute forbids employers from retaining "any part" of either (1) "a gratuity"; or (2) "any charge purported to be a gratuity." In other words, the statute treats identically a "gratuity" and a "charge" that purports to be a gratuity, attaching no significance to whether a payment is made voluntarily as a tip or involuntarily as a mandatory surcharge. All that is required is that a charge purports, or "seems" to be a gratuity.

60. Section 196-d does not prohibit "practices in connection with banquets and other special functions where a fixed percentage of the patron's bill is added for gratuities which are distributed to employees" or "the sharing of tips by a waiter with a busboy or similar employee."

61. Whether mandatory or voluntary, Section 196-d covers any charge that a reasonable customer would have believed would serve as a gratuity. Indeed, if Section 196-d were interpreted to cover only voluntary payments, employers would have license to mislead patrons as to the cost of their meals and how much of their payments will be directed to service employees, in clear contravention of the statute's text and

purpose. Quite the opposite, Section 196-d's clear directive is that employers must distribute to service workers any "charge purported to be a gratuity for an employee."

62. Defendant attaches a hidden surcharge, misleadingly labeled as a "service fee" to all food and beverage sales in the amount of 30% for food and beverage services. Unwary customers pay these service fees reasonably believing that the entirety of the service fee will be remitted to the service workers as gratuity payment, as is the widely accepted custom throughout the hospitality industry. Defendants, however, do not remit the entire service fee proceeds to Plaintiff and Class members.

63. Customers reasonably believe that Defendant's mandatory service fees are actually gratuity payments to service workers. The term as used in Defendant's billing practices, "service fee" or "delivery fee," indicate the surcharge is intimately connected with the "service" of preparing and/or "delivering" the food and beverages.

64. N.Y. Lab. Law § 196-d requires the distribution of "service fee" surcharges, in their entirety, to service workers. Plaintiff and Class members are and have been deprived of receiving the service fee surcharges in full that Defendants should have paid them.

65. Plaintiff and Class members are entitled to the portions of the service fees that were not originally remitted to the service workers.

66. Upon information and belief, Defendant's ongoing violations of Section 196-d are willful. Accordingly, Defendant is also liable under N.Y. Lab. Law § 198 for payment to Plaintiff and Class members of a 25% penalty.

67. Plaintiff and Class members are also entitled to reasonable attorneys' fees pursuant to § 198.

68. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

///

///

## FOURTH CAUSE OF ACTION
### Unjust Enrichment
### (On Behalf of the Class)

69. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

70. Defendant's conduct as set forth above constitutes unjust enrichment under New York common law.

71. At all relevant times, Plaintiff and Class members bestowed a benefit in the form of service which is customarily "tipped" in addition to hourly wages that are regularly paid to service workers.

72. Because of Defendant's non-payment and underpayment to service workers of all sums denominated as "service fees," Defendant knowingly receives and retains funds that patrons intend to be paid in full to the waitstaff and other service workers.

73. In equity and good conscience, said funds belong to Plaintiff and Class members, not Defendant or other non-service workers employed by Defendant.

74. Defendant will obtain such benefit without adequately compensating Plaintiff and Class members if Defendant is permitted to retain the unpaid service fee surcharges collected from their customers without remitting the entirety of the service fee payments to their intended beneficiaries – the non-managerial service workers.

75. Defendant should therefore be required to disgorge all ill-gotten gains as a result of failing to remit the entirety of gratuity proceeds charged to Defendant's customers to service employees.

76. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

///

///

///

# FIFTH CAUSE OF ACTION
**Failure to Provide Accurate Itemized Wage Statements Pursuant to N.Y. Lab. Law § 195**
**(On Behalf of the Class)**

77. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

78. Defendant does not provide Plaintiff and Class members with accurate itemized wage statements as required by N.Y. Lab. Law § 195(3).

79. With each payment of wages, Defendant fails to provide Plaintiff and Class members with an accurate statement listing each of the following categories of information:

    k. The dates of work covered by that payment of wages;

    l. Name of employee;

    m. Name of employer;

    n. Address and phone number of employer;

    o. Rate or rates of pay and basis thereof, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or other;

    p. Gross wages;

    q. Deductions;

    r. Allowances, if any, claimed as part of the minimum wage;

    s. Net wages;

    t. The regular hourly rate or rates of pay;

    u. The overtime rate or rates of pay;

    v. The number of regular hours worked; and

    w. The number of overtime hours worked.

80. As a result, Defendant is liable to Plaintiff and each Class member in the amount of $2,500, together with attorneys' fees and costs.

81. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirement Pursuant to N.Y. Lab. Law § 195**
**(On Behalf of the Class)**

82. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

83. Defendant fails to provide Plaintiff and Class members with a written notice, in English and in Spanish, containing the following categories of information as required by N.Y. Lab. Law § 195(1):

- x. The rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;
- y. Allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;
- z. The regular pay day designated by the employer;
- aa. The name of the employer;
- bb. Any "doing business as" names used by the employer;
- cc. The physical address of the employer's main office or principal place of business, and a mailing address if different; and
- dd. The telephone number of the employer.

84. As a result, Defendant is liable to Plaintiff and each Class member in the amount of $2,500, together with attorneys' fees and costs.

85. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of Class members, requests the following relief:

1. For an order certifying the Causes of Action in this Complaint as a class

|   |   |   |
|---|---|---|
| 1 |   | action pursuant to Federal Rule of Civil Procedure 23; |
| 2 | 2. | Damages and restitution according to proof at trial for all unpaid gratuities, wages and other injuries, as provided by New York Labor Law, and all other applicable laws, rules, and regulations of New York; |
| 5 | 3. | For a declaratory judgment that Defendant violated the New York Labor Law, New York law, and public policy as alleged herein; |
| 7 | 4. | For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, their officers, agents, and all those acting in concert with them from committing, now and in the future, those violations of law herein alleged; |
| 11 | 5. | For an order requiring Defendant to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees; |
| 14 | 6. | For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon; |
| 17 | 7. | For an order awarding Plaintiff and the Class members compensatory damages, including gratuities owed, lost wages, earnings, liquidated damages, treble damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof; |
| 23 | 8. | For an order awarding Plaintiff and Class members civil penalties pursuant to the New York Labor Law, and the laws of the State of New York, with interest thereon; |
| 26 | 9. | For an order awarding reasonable attorneys' fees as provided by the New York Labor Law, New York General Business Law, the laws of the State |

| | | |
|---|---|---|
| 1 | | of New York, and/or other applicable law; |
| 2 | 10. | For all costs of suit; |
| 3 | 11. | For interest on any penalties awarded, as provided by applicable law; and |
| 4 | 12. | For such other and further relief as this Court deems just and proper. |

Date: April 23, 2020                                  Respectfully submitted,

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
Ori Edelstein
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Counsel for Plaintiff and Class Members*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Date: April 23, 2020                                  Respectfully submitted,

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
Ori Edelstein
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Counsel for Plaintiff and Class Members*